*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re NIERMAN, Minors.

UNPUBLISHED
November 17, 2022

No. 361519
Otsego Circuit Court
Family Division
LC No. 22-000110-NA

Before: HOOD, P.J., and JANSEN and K. F. KELLY, JJ.

PER CURIAM.

Respondent-mother appeals by right the trial court's order of custody removing her two minor children, ERN and ESN. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

In May 2022, the Department of Health and Human Services (the "Department") filed a petition alleging that on April 25, 2022, law enforcement responded to a noise complaint at respondent's apartment and found the children's father unconscious in the bathroom. He was later pronounced dead as a result of a drug overdose. Respondent was also at the apartment and appeared intoxicated. Respondent was drug-tested at her residence and tested positive for multiple illegal substances. ERN and ESN were in the apartment at the time and stayed with a relative afterwards. The petition also alleged that when ERN and ESN were born, they tested positive for illegal substances and were removed from respondent's care in 2018 because of her substance abuse issues. An amended petition subsequently filed, which included allegations that respondent tested positive for fentanyl the day the first petition was filed. The amended petition requested that the trial court take jurisdiction over ERN and ESN on the basis of allegations of improper supervision and requested that the children be removed from respondent's care. The trial court subsequently issued an ex parte order removing the children and placing them with the Department.

At a preliminary hearing, Children's Protective Services caseworker Michelle Hagerman testified regarding the allegations in the petition. Hagerman testified that the Department and respondent agreed that the Department would file a petition for in-home jurisdiction and allow the children to remain with respondent on the condition she did not test positive for substances. However, after respondent tested positive for fentanyl a second time, the Department filed the

petition requesting removal. In addition, Hagerman testified that respondent repeatedly refused to agree to a safety plan, disputed the results of her drug tests, and refused to attend substance abuse treatment. Respondent also came to Hagerman's office the day before the preliminary hearing extremely angry and was "swearing, throwing things, [and] slamming doors" in front of the children. Because respondent had not had a chance to consult with her attorney, the trial court adjourned the preliminary hearing and did not authorize the petition, but did issue an order removing the children from respondent's care and custody and placing them with the Department. This appeal followed.

## II. STANDARD OF REVIEW

A trial court's findings of facts are reviewed for clear error. *In re Benavides*, 334 Mich App 162, 167; 964 NW2d 108 (2020). A finding is clearly erroneous if the reviewing court "is left with a definite and firm conviction that a mistake has been made." *Id.* (quotation marks and citation omitted). The trial court's proper interpretation and application of statutes and court rules is reviewed de novo. *In re Williams*, 333 Mich App 172, 178; 958 NW2d 629 (2020).

## III. DISCUSSION

Respondent argues that the trial court clearly erred when it removed the children from respondent's care because it relied on improper and inadmissible testimony. We disagree.

"At the preliminary hearing, the court must decide whether to authorize the filing of the petition and, if authorized, whether the child should remain in the home, be returned home, or be placed in foster care pending trial." *Benavides*, 334 Mich App at 167 (quotation marks and citation omitted). Under MCL 712A.13a(9), a trial court may remove a child from a parent's care if it finds that all of the following conditions have been satisfied:

> (a) Custody of the child with the parent presents a substantial risk of harm to the child's life, physical health, or mental well-being.

> (b) No provision of service or other arrangement except removal of the child is reasonably available to adequately safeguard the child from risk as described in subdivision (a).

> (c) Continuing the child's residence in the home is contrary to the child's welfare.

> (d) Consistent with the circumstances, reasonable efforts were made to prevent or eliminate the need for removal of the child.

> (e) Conditions of child custody away from the parent are adequate to safeguard the child's health and welfare.

"If the trial court orders placement of the child in foster care, it must make explicit findings that 'it is contrary to the welfare of the child to remain at home,' MCR 3.965(C)(3), and 'reasonable efforts to prevent the removal of the child have been made or that reasonable efforts to prevent removal are not required,' MCR 3.965(C)(4)." *Benavides*, 334 Mich App at 168.

-2-

In cursory fashion, respondent argues that the trial court failed to make the statutorily required factual findings to remove the children from respondent's care because it relied on hearsay testimony from a witness who "lacked personal knowledge" of the events at issue. To the extent respondent challenges to the sufficiency of the trial court's factual findings, it is unsupported by argument or citation to relevant authority. See *In re Warshefski*, 331 Mich App 83, 87; 951 NW2d 90 (2020) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority.") (quotation marks and citation omitted).

On the merits, respondent's claims fail because the trial court made the requisite factual findings prior to removal and there was sufficient evidence to support those findings. The evidence demonstrated that respondent used illegal substances since at least 2017, used substances in front of her children, tested positive on multiple occasions for illegal substances, refused to engage in substance abuse services, refused to sign a safety plan for the children, and refused to take drug screens. Therefore, the evidence presented demonstrated that the children were at risk of substantial harm in respondent's custody, no other services except removal would adequately safeguard the children, and remaining in respondent's home was contrary to their welfare. See MCL 712A.13a(9)(a)–(c). In addition, the Department made reasonable efforts to prevent the removal of the children through the provision of services, including random drug tests, safety planning, meetings, Department assistance, counseling referrals, the Women's Resource Center, health services, the Family Support Program, the Family Reunification Program, psychological evaluation assessment, infant mental health assessment, Early On, and parenting education classes.

Regarding respondent's argument that the caseworker's testimony was inadmissible hearsay, this argument is unpersuasive. A trial court's findings at a preliminary hearing "may be made on the basis of hearsay evidence that possesses adequate indicia of trustworthiness." MCR 3.965(C)(3). Respondent's additional argument that Hagerman did not have personal knowledge of the events at issue is not supported by the record. Hagerman's testimony was based on her review of respondent's drug-screen reports, conversations with law enforcement, and conversations with respondent.

The trial court removed the children from respondent's care concluding that respondent presented a substantial risk of harm to the children, no other services except removal would adequately safeguard the children, it was contrary to the welfare of the children to remain in respondent's care, reasonable efforts had been made, and conditions of custody at their placement were adequate to safeguard the children's health and welfare. The trial court's findings were supported by the record and satisfied the requirements of MCL 712A.13a(9) and MCR 3.965(C).

Affirmed.

/s/ Noah P. Hood
/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly